IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>ORLANDO JOHN HAYES,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER AND DISMISSING [34] MOTION FOR REVIEW OF MAGISTRATE'S ORDER OF DETENTION**<br><br>Case No. 1:20-cr-0002-DBB<br><br>District Judge David Barlow |

Pursuant to 18 U.S.C. § 3145(b), Defendant Orlando John Hayes ("Mr. Hayes") appeals[1] the July 14, 2020 order[2] issued by Magistrate Judge Cecilia M. Romero that denied Mr. Hayes's Amended Motion to Reconsider Denial Motion for Temporary Release ("the Motion") and ordered Mr. Hayes detained pending his trial in this criminal case.[3]

When a defendant appeals the pretrial detention ordered by a magistrate judge, the district judge presiding over the criminal case is to perform a de novo review and redetermination of the issue of detention.[4] Mr. Hayes has requested a hearing on his appeal, but the court, having reviewed the pertinent material from the docket, has determined that a hearing is not necessary.

Although Mr. Hayes has raised valid matters for consideration in his Motion, including the COVID-19 public health crisis, in evaluating his request for temporary release using the

---

[1] Motion for Review of Magistrate's Order of Detention, ECF No. 34, filed July 16, 2020.

[2] *See* Minute Entry for proceedings held before Magistrate Judge Cecilia M. Romero, ECF No. 32, filed July 14, 2020.

[3] Amended Motion to Reconsider Denial Motion for Temporary Release, ECF No. 29, filed July 7, 2020.

[4] *United States v. Kelsey*, 82 Fed. Appx. 652, 653 (10th Cir. 2003).

factors set forth in 18 U.S.C. § 3142(g), it is evident that "no condition or combination of conditions [would] reasonably assure [Mr. Hayes's] appearance . . . and the safety of any other person and the community."[5] For the reasons set forth below, Mr. Hayes's appeal is DISMISSED and the previous order of the Magistrate Judge is AFFIRMED.

## BACKGROUND

The Indictment in this case charged Mr. Hayes with Possession of a Controlled Substance with Intent to Distribute (methamphetamine) and another count of Possession of a Controlled Substance with Intent to Distribute (heroin).[6] Because Mr. Hayes has a prior serious drug felony, an enhancement applied to both counts.[7] The penalty for the first count is increased to ten years to life imprisonment and the increased penalty for the second count includes a minimum of five years and up to forty years imprisonment.[8]

At a detention hearing conducted pursuant to 18 U.S.C. § 3142 (the "Bail Reform Act") on February 4, 2020,[9] the Government argued for, and provided evidence in support of, Mr. Hayes's detention pending trial. According to the Government's evidence, Mr. Hayes had been the subject of an investigation where a confidential informant purchased methamphetamine and heroin from him at a gas station in Ogden, Utah in August of 2019.[10] Officers had obtained a search warrant and found Mr. Hayes in possession of a distributable amount of methamphetamine and heroin and a large sum of cash.[11] At the time this occurred, Mr. Hayes

---

[5] 18 U.S.C. § 3142(e).

[6] Indictment, ECF No. 1, filed January 8, 2020.

[7] Notice of Sentencing Enhancement, ECF No. 4, filed January 8, 2020.

[8] *Id.*

[9] Minute Entry for proceedings held before Magistrate Judge Evelyn J. Furse, ECF No. 10, filed February 4, 2020.

[10] Opposition to Amended Motion to Reconsider Denial of Motion for Temporary Release at 2-4, ECF No. 31, filed July 13, 2020.

[11] *Id.*

had been released the previous month pending sentencing for a felony possession of a controlled substance charge in state court.[12] Based on this evidence, the Magistrate Judge ordered that Mr. Hayes be detained because of his prior criminal history, prior violations of probation and parole—including that he had been released and was awaiting sentencing at the time of the alleged offense, history of alcohol or substance abuse, and because he posed a danger for the sale and use of drugs.[13]

Following his detention at the Weber County Jail, Mr. Hayes moved under § 3142(i)(4) of the Bail Reform Act for temporary release.[14] Mr. Hayes argued that his age (Mr. Hayes was 55 at the time of filing and is now 56) and preexisting health conditions (high blood pressure and diabetes) put him at risk of COVID-19 related complications, should he contract the virus while detained .[15] At the time Mr. Hayes filed this motion for temporary release, there were no confirmed cases of COVID-19 at the Weber County Jail.

After considering Mr. Hayes's motion and applying the requisite factors of § 3142(g) of the Bail Reform Act, the Magistrate Judge denied Mr. Hayes's motion.[16] Although "the COVID-19 emergency" was relevant "to whether Mr. Hayes should be released[,]" the Magistrate Judge found that the circumstances of the offense and Mr. Hayes's long criminal history, when considered under the § 3142(g) factors, still demonstrated that Mr. Hayes posed an

---

[12] *Id.* at 4.

[13] Order of Detention Pending Trial, ECF No. 13, filed February 4, 2020.

[14] Amended Motion for Temporary Release at 1, ECF No. 22, filed May 1, 2020.

[15] *Id.* at 3.

[16] Order Denying Amended Motion for Temporary Release, ECF No. 25, filed May 11, 2020.

unmanageable risk to the community and of nonappearance.[17] Mr. Hayes's detention remained warranted.[18]

After that order was issued, the Weber County Jail began having confirmed cases of COVID-19 among its inmate population.[19] Based on the actual presence of COVID-19 in the Weber County Jail rather than the potential for it, Mr. Hayes then filed his Motion to Reconsider Denial of Motion for Temporary Release under 18 U.S.C. § 3142(f).[20] The government opposed the Motion.[21] The confirmed presence of COVID-19 notwithstanding, the Magistrate Judge again concluded that Mr. Hayes's criminal history caused the § 3142(g) factors to weigh in favor of continued detention.[22] The Magistrate Judge denied Mr. Hayes's Motion to Reconsider Denial of Motion for Temporary Release,[23] and Mr. Hayes appealed.[24]

## DISCUSSION

As set forth in § 3142(i)(4) of the Bail Reform Act, upon the motion of a defendant,

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for the preparation of the person's defense or for another compelling reason.[25]

In addition to arguing that a compelling reason for temporary release exists under § 3142(i)(4), Mr. Hayes's Motion is premised on 18 U.S.C. § 3142(f), which provides that a detention hearing

---

[17] *Id.* at 6-7.

[18] *Id.* at 1.

[19] Motion at 1.

[20] *Id.*

[21] Opposition to Amended Motion to Reconsider Denial of Motion for Temporary Release ("Opposition"), ECF No. 31, filed July 13, 2020.

[22] *See* Minute Entry for proceedings held before Magistrate Judge Cecilia M. Romero, ECF No. 32, filed July 14, 2020.

[23] *Id.*

[24] Motion for Review of Magistrate's Order of Detention, ECF No. 34, filed July 16, 2020.

[25] 18 U.S.C. § 3142(i)(4).

> [M]ay be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.[26]

Mr. Hayes offers that the material information bearing on his release that was not available when he initially moved for temporary release is his recent completion of a 90-day substance abuse treatment program in the Weber County Jail, his acceptance to the Odyssey House residential treatment program, and—most importantly—the current outbreak of COVID-19 cases in the Weber County Jail.[27] None of these had occurred at the time that Mr. Hayes filed his initial motion for temporary release.

In addition to this information, Mr. Hayes again argues that his age (56) and medical conditions (diabetes and high blood pressure) put him at high risk for COVID-19 related complications should he contract it during his detention in the Weber County Jail.[28]

The court acknowledges that the COVID-19 pandemic is an unprecedented public health emergency. Also, Mr. Hayes's age and diabetes (and possibly his high blood pressure) put him at an increased risk for COVID-19 complications compared to those who are younger and without similar medical conditions. The court now turns to evaluating this request under the relevant provisions of the Bail Reform Act: the factors set forth at § 3142(g).

Those factors that the court must consider are as follows: (1) "the nature and circumstances of the offense charged; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person" (including, among other things, "character,

---

[26] 18 U.S.C. § 3142(f).

[27] Motion at 1.

[28] Motion at 3.

physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings" as well as a consideration of whether the defendant was on probation, parole, or other form of supervision at the time of the alleged instant offense); and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."[29]

As to the first factor, the nature and circumstances of the offense charged, Mr. Hayes is charged in the Indictment with two drug trafficking offenses[30] and faces a minimum mandatory penalty of ten years to life imprisonment.[31] The conduct forming the basis of those charges is alleged to have occurred in August of 2019, only a month after Mr. Hayes had pleaded guilty to a drug charge in the Utah state court and had been released pending sentencing.[32] Because Mr. Hayes was awaiting sentencing in the state court for a drug-related offense at the time he is alleged to have committed the drug-related offenses that are before this court and because of the significant possible prison time associated with these federal charges, the first § 3142(g).factor weighs in favor of Mr. Hayes's continued detention.

Regarding the second factor, the weight of the evidence against Mr. Hayes in this matter appears to be strong. Mr. Hayes was found in actual possession of drugs when he was arrested.[33] Accordingly, this factor weighs in favor of detention.

---

[29] 18 U.S.C. § 3142(g)(1)-(4).

[30] Indictment, ECF No. 1, filed January 8, 2020.

[31] Notice of Sentencing Enhancement, ECF No. 4, filed January 8, 2020.

[32] Opposition at 4.

[33] *Id*.

The third factor weighs in favor of detention given that Mr. Hayes's history and characteristics include a significant criminal history covering much of his adult life. This includes prison time and multiple violations of probation and parole.[34] And again, that Mr. Hayes pleaded guilty to drug charges in state court and then was arrested the following month on federal drug charges is of substantial concern under this factor. This continued failure to abide by the terms of parole as well as the circumstances surrounding Mr. Hayes's arrest in 2019 make it difficult to find that conditions of release—such as the proposal that Mr. Hayes' reside with his sister—would protect the community and reasonably assure his appearance..

The fourth and final factor also weighs in favor of detention because Mr. Hayes is alleged to have participated in conduct that posed a serious danger to the community: Mr. Hayes was found in possession of a significant amount of narcotics and is alleged to have taken over a local business establishment in order to facilitate the sale of them.[35] All of this occurred while Mr. Hayes was awaiting sentencing for drug offenses in the state court.[36] Again, this suggests that no combination of conditions would reasonably provide for the safety of the community or could assure Mr. Hayes's appearance as required, should he be released.

To be clear, Mr. Hayes's recent completion of substance abuse treatment, his acceptance to the Odyssey House, and his sister's willingness to assist him all are very positive and commendable. And the presence of COVID-19 in the Weber County Jail is a valid concern. However, this information does not cause the § 3142(g) factors to weigh in favor of Mr. Hayes's release.

---

[34] *Id.* at 3, 8.

[35] Opposition at 4.

[36] *Id.*

Mr. Hayes has a demonstrated history of substance abuse that likely requires more than just the completion of one 90-day program. And is it unclear if Mr. Hayes's sister, although willing, is fully prepared to offer a place of residence that would ensure Mr. Hayes's health and sobriety, as well his appearance in these criminal proceedings and the safety of the community. As to the COVID-19 related concerns, both parties have acknowledged that the Weber County Jail is equipped with the resources to ensure that inmates are provided both precautionary and medical care.[37] And no information about whether Odyssey House has similar medical capabilities has been presented to the court, despite the fact that Odyssey House apparently has had COVID-19 positive individuals.[38]

In light of this, the court's analysis of the § 3142(g) factors still weighs in favor of Mr. Hayes's continued detention. The court finds that no condition or combination of conditions could reasonably assure Mr. Hayes's appearance and the safety of others and the community. The Magistrate Judge's order is affirmed.

---

[37] *Id.* at 10.

[38] *Id.*

## ORDER

IT IS HEREBY ORDERED that the Magistrate Judge's order[39] denying Mr. Hayes's Amended Motion to Reconsider Denial of Motion for Temporary Release[40] is AFFIRMED. Mr. Hayes's appeal[41] is DISMISSED.

Signed August 13, 2020.

BY THE COURT

David Barlow
United States District Judge

---

[39] *See* Minute Entry for proceedings held before Magistrate Judge Cecilia M. Romero, ECF No. 32, filed July 14, 2020.

[40] Amended Motion to Reconsider Denial Motion for Temporary Release, ECF No. 29, filed July 7, 2020.

[41] Motion for Review of Magistrate's Order of Detention, ECF No. 34, filed July 16, 2020.